Tracy M. McGovern, OSB #93534
McGovern@fdfirm.com
Edward H. Talmadge, OSB #01496
Talmadge@fdfirm.com
FROHNMAYER, DEATHERAGE, PRATT,
JAMIESON, ARMOSINO & MCGOVERN, P.C.
Larson Creek Professional Center
2592 East Barnett Road
Medford, OR 97504
Telephone: (541) 779-2333
Facsimile: (541) 779-6379
Of Attorneys for Plaintiff

FILED'07 MAR 23 11:04USDC-ORM

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PAMELA DALE, individually and as Guardian ad litem for S.D.

Plaintiff,

v.

MEDFORD SCHOOL DISTRICT 549C a municipal corporation, TIMOTHY PIERRE HOLMES, PHILIP LONG, KEVIN CAMPBELL, DONALD FRAZIER and WILLIAM ROWAN,

Defendants.

Civil Action, File No. 07-3016-PA

**COMPLAINT FOR VIOLATIONS OF TITLE IX, SEC. 1983, NEGLIGENT SUPERVISION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, ASSAULT, BATTERY AND MEDICAL EXPENSES**

**(JURY TRIAL DEMANDED)**

1.

This is an action of damages for deprivation of Plaintiff's S.D.'s civil rights, negligent supervision, intentional infliction of emotional distress, negligent infliction of emotional distress, assault, and battery. Pamela Dale also brings a claim in her individual capacity for the recovery of medical expenses related to S.D. her minor child.



Receipt #868

2.

This court has jurisdiction pursuant to 28 U.S.C. 1331. This court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. 1367.

3.

Venue is proper in the District of Oregon, Medford Division, because the acts that give rise to this cause of action took place in Jackson County, Oregon.

4.

Plaintiff S.D. is a female minor child residing in Jackson County Oregon and a student at South Medford High School. South Medford High School is a High School within the jurisdiction and authority of defendant Medford School District 549C. Plaintiff Pamela Dale is S.D.'s legal guardian and natural parent, and appointed Guardian ad Litem for S.D. by the Circuit Court of the State of Oregon for Jackson County.

5.

Plaintiff S.D. had a right to maintain her bodily integrity and be free from sexual, emotional and physical abuse. Plaintiff S.D. as a minor child had a constitutional right to an education.

6.

At all material times herein, defendant Medford School District 549C was a municipal corporation organized under the laws of the state of Oregon. Plaintiffs provided defendant with proper and timely tort claim notice, pursuant to the Oregon Revised Statutes.



**FROHNMAYER, DEATHERAGE, PRATT, JAMIESON, MOORE, ARMOSINO & MCGOVERN, P.C.**
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

7.

At all material times herein, defendant Timothy Pierre Holmes (hereinafter "Holmes") was an employee and agent of the Medford School District acting within the scope of his employment.

8.

At all material times herein, defendant Philip Long (hereinafter "Long") was superintendent of the Medford School District 549C and an employee of the Medford School District acting within the scope of his employment. Defendant Kevin Campbell (hereinafter "Campbell") was the principal of South Medford High School and an employee of the Medford School District acting within the scope of his employment. Defendant Donald Frazier (hereinafter "Frazier") was the Vice-principal of South Medford High School and an employee of the Medford School District acting within the scope of his employment.

9.

At all material times herein, defendant William Henry Rowan (hereinafter "Rowan") was an employee and agent of the Medford School District acting within the scope of his employment.

10.

Plaintiff S.D. was a student at South Medford High School. Defendant Holmes was a campus monitor at South Medford High School, in charge of a support study hall in the Annex School and an assistant track coach.



FROHNMAYER, DEATHERAGE, PRATT,
JAMIESON, MOORE, ARMOSINO & MCGOVERN, P.C.
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

11.

Defendant Holmes used his position of authority and trust over Plaintiff S.D. to befriend Plaintiff S.D. Defendant Holmes counseled Plaintiff S.D. regarding issues related to school. While in this position of authority Holmes also began the process of grooming Plaintiff S.D. to commit acts of sexual misconduct against Plaintiff.

12.

Defendant Holmes, using his position of authority over Plaintiff S.D., placed Plaintiff S.D. in positions where he and Plaintiff S.D. were alone on school grounds. This included Holmes' study hall classroom, his office and a concession stand located on school grounds. On multiple occasions, when he was alone with Plaintiff S.D., Holmes committed acts of sexual battery against Plaintiff S.D. These acts of sexual battery were unwanted by Plaintiff S.D. and were forced upon Plaintiff S.D. through threats and mental and physical coercion by Holmes.

13.

These acts included fondling Plaintiff S.D.'s breasts, licking Plaintiff S.D.'s breasts, placing his fingers inside of Plaintiff S.D.'s vagina, and lewd behavior including requesting Plaintiff S.D. to participate in sexual acts with Holmes.

14.

As a result of Holmes' conduct, Plaintiff S.D. suffered severe emotional distress. Following the abuse in the Spring of 2005, Plaintiff S.D. was unable to complete her studies for the remaining school year. Defendants' Medford School District 549C, Philip Long, Kevin Campbell, and/or Donald Frazier, informed Plaintiff S.D. that she could not



**FROHNMAYER, DEATHERAGE, PRATT, JAMIESON, MOORE, ARMOSINO & MCGOVERN, P.C.**
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

return to the South Medford High School campus and would have to complete her high school education with a tutor. To this day, Plaintiff S.D. has been unable to return to school to complete her high school education. As a further result of Holmes' conduct, Plaintiff S.D. has required professional counseling and continues to require counseling.

15.

Based on information and Belief defendants Kevin Campbell, Donald Frazier and Philip Long exercised supervising authority over Holmes, and had the authority and ability to stop Holmes' conduct. Defendants Campbell, Frazier and Long should have been aware of Holmes' behavior because of reports regarding Holmes' behavior towards female students that were given to teachers and agents of defendant Medford School District 549C located at South Medford High School. However, defendants Long, Campbell and Frazier took no action to stop defendant Holmes' behavior and, as a result, Plaintiff S.D. was sexually assaulted.

<u>FIRST CAUSE OF ACTION</u>
(Violations of Title IX)

16.

Plaintiff S.D. re-alleges paragraphs 1 through 15 as set forth above.

17.

Defendant Medford School District 549C receives federal monies to further its educational goals.

18.

Defendant Medford School District 549C, through its agents, was aware that



FROHNMAYER, DEATHERAGE, PRATT,
JAMIESON, MOORE, ARMOSINO & MCGOVERN, P.C.
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

defendant Holmes' conduct towards female students was inappropriate and discriminatory in nature.

19.

Defendant Medford School District 549C took no action to stop defendant Holmes' conduct. Defendant Holmes' conduct towards Plaintiff S.D. was severe and of an extreme nature. Defendant Holmes' conduct towards Plaintiff S.D. interfered with Plaintiff S.D.'s right to an education

20.

Plaintiff S.D. was damaged as a result of defendant Medford School District 549C's failure to stop Holmes' conduct towards Plaintiff S.D. Plaintiff request economic damages in the amount $250,000, non-economic damages in the amount of $2,000,000 and her reasonable attorney's fees incurred in bringing this action.

SECOND CAUSE OF ACTION
(Violations of Section 1983)

21.

Plaintiff S.D. re-alleges paragraphs 1 through 15 as set forth above.

22.

Defendant Medford School District 549C is a municipal corporation organized under the laws of the state of Oregon.

23.



**FROHNMAYER, DEATHERAGE, PRATT, JAMIESON, MOORE, ARMOSINO & MCGOVERN, P.C.**
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

Defendant Medford School District 549C had a policy preventing sexual harassment.

24.

Defendant Medford School District 549C failed to enforce the policy. Defendant Medford School District 549C was deliberately indifferent in failing to enforce this policy. Defendant Medford School District 549C was aware of Holmes' behavior towards female students through its agents. However, defendant Medford School District 549C failed to further investigate Holmes' behavior and enforce its policy.

25.

Had defendant Medford School District 549C acted to stop Holmes' behavior, it could have prevented Plaintiff S.D.'s injuries.

26.

Defendants Campbell Frazier and Long were in charge of defendant Holmes' and failed to stop his behavior towards Plaintiff.

27.

Defendant William Henry Rowan was head track coach and an employee of defendant Medford School district 549C working at South Medford High School.

28.

Defendant Rowan was present at a concession stand only moments before Holmes sexually assaulted Plaintiff S.D. in the concession stand. Defendant Rowan left Plaintiff S.D. alone with Holmes, even though it was inappropriate to do so.



FROHNMAYER, DEATHERAGE, PRATT,
JAMIESON, MOORE, ARMOSINO & MCGOVERN, P.C.
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

29.

As a result of defendant Rowan's actions, Plaintiff has been damaged.

30.

Plaintiff has been damaged as a result of defendants Medford School District 549C, Campbell, Frazier, Long and Rowan actions. Plaintiff S.D. is entitled to economic damages in the amount of $250,000 and non-economic damages in the amount of $2,000,000 and their reasonable attorney's fees incurred in bringing this action.

THIRD CAUSE OF ACTION
(Negligent Supervision)

31.

Plaintiff re-alleges paragraphs 1 through 15 as set forth above.

32.

Defendants Medford School District 549C and Campbell Frazier and Long were negligent in supervising Holmes. Defendants Medford School District 549C and Campbell Frazier and Long should have monitored Holmes and prevented abuse of Plaintiff S.D.

33.

As a result of defendants Medford School District 549C and Campbell Frazier and Long's actions, Plaintiff S.D. has been damaged in the amount of economic damages of $250,000 and non-economic damages of $2,000,000.



FROHNMAYER, DEATHERAGE, PRATT,
JAMIESON, MOORE, ARMOSINO & MCGOVERN, P.C.
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

FOURTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)

34.

Plaintiff S.D. re-alleges paragraphs 1 through 15 as set forth above.

35.

Defendant Holmes was aware that his behavior in sexually assaulting Plaintiff S.D. would cause severe emotional distress to Plaintiff S.D.

36.

Defendant Holmes' behavior in sexually assaulting Plaintiff S.D. is outside the bounds of socially tolerable conduct.

37.

As a result of defendant Holmes' actions, Plaintiff S.D. suffered severe emotional distress.

38.

As a result of defendant Holmes' actions Plaintiff S.D. has been damaged in the amount of economic damages of $250,000 and non-economic damages of $2,000,000.

39.

Defendant Medford School District 549C is vicariously liable for defendant Holmes' actions because defendant Holmes was an employee of defendant Medford School District 549C and his actions took place on school grounds, where defendant Medford School District 549C's employees knew or should have known of Holmes' behavior.



FROHNMAYER, DEATHERAGE, PRATT,
JAMIESON, MOORE, ARMOSINO & MCGOVERN, P.C.
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

## FIFTH CAUSE OF ACTION
(Negligent Infliction of Emotional Distress)

40.

Plaintiff re-alleges paragraphs 1 through 39 as set forth above.

41.

Defendant Holmes knew or should have known that his actions in sexually assaulting Plaintiff S.D. would inflict severe emotional distress upon Plaintiff S.D.

42.

Defendant Medford School District 549C knew or should have known that Holmes would sexually assault Plaintiff S.D. and should have taken action to prevent the Sexual assault. As a result of Defendant Medford School District 549C's failure to act, Plaintiff S.D. suffered severe emotional distress.

43.

The actions of defendant Holmes and Medford School District 549C caused Plaintiff S.D. severe emotional distress. As a result of these actions, Plaintiff S.D. has been damaged in the amount of economic damages of $250,000 and non-economic damages of $2,000,000.

44.

Defendant Medford School District 549C is vicariously liable for defendant Holmes' actions in inflicting emotional distress upon Plaintiff.



**FROHNMAYER, DEATHERAGE, PRATT, JAMIESON, MOORE, ARMOSINO & MCGOVERN, P.C.**
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

SIXTH CAUSE OF ACTION
(Assault )

45.

Plaintiff S.D. re-alleges paragraphs 1 through 15 as set forth above.

46.

Defendant Holmes' actions placed Plaintiff S.D. in fear of imminent harm.

47.

As a result of defendant Holmes' actions towards Plaintiff S.D., Plaintiff S.D. has been damaged in the amount of economic damages of $250,000 and non-economic damages of $2,000,000.

48.

Defendant Medford School District 549C is vicariously liable for defendant Holmes' actions.

SEVENTH CAUSE OF ACTION
(Battery)

49.

Plaintiff S.D. re-alleges paragraphs 1 through 15 as set forth above.

50.

Defendant Holmes' actions towards Plaintiff S.D. constituted battery under Oregon law.

51.

As a result of defendant Holmes' actions, Plaintiff S.D. has been damaged in the



FROHNMAYER, DEATHERAGE, PRATT,
JAMIESON, MOORE, ARMOSINO & MCGOVERN, P.C.
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

amount of $250,000 in economic damages and the amount of $2,000,000 in non-economic damages.

52.

Defendant Medford School District 549C is vicariously liable for defendant Holmes' actions.

EIGHTH CAUSE OF ACTION
(Medical Expenses paid by Pamela Dale)

53.

Plaintiff Dale re-alleges paragraphs 1 through 52 as set forth above.

54.

Plaintiff Dale is the Parent of Plaintiff S.D who is a minor Child. Pursuant to ORS 31.700 in her individual capacity Plaintiff Dale is entitled to recover medical expenses incurred on behalf of her minor child S.D. as a result of the actions of defendants in an amount to be proven at trial.

DEMAND FOR A JURY TRIAL

55.

Plaintiffs demand a trial by jury.



FROHNMAYER, DEATHERAGE, PRATT,
JAMIESON, MOORE, ARMOSINO & MCGOVERN, P.C.
2592 EAST BARNETT ROAD
MEDFORD, OR 97504
FAX (541) 779-6379
TELEPHONE (541) 779-2333

WHEREFORE, Plaintiff S.D. prays for a judgment in their favor, awarding her $250,000 in economic damages and $2,000,000 in non-economic damages. Plaintiff Dale requests medical expenses incurred on behalf of S.D in amount to be proven at trial Plaintiffs request their costs and disbursements incurred herein. Plaintiff S.D., request her reasonable attorney's fees incurred in prosecuting this action.

DATED this 23 day of March, 2007.

FROHNMAYER, DEATHERAGE, PRATT,
JAMIESON, MOORE, ARMOSINO & McGOVERN, P.C.

By: Edward Talmadge

Edward H. Talmadge, OSB #01496
Of Attorneys for Plaintiffs
Phone: (541) 779-2333
FAX: (541) 779-6379
Email: talmadge@fdfirm.com